COMMONWEALTH OF KENTUCKY
CAMPBELL CIRCUIT COURT
CASE NO. 11-CI-00372
Div. II



JOHN WARDIA
7908 Echo Hills
Alexandria, KY 41001

PLAINTIFF

v.

JUSTICE AND PUBLIC SAFETY CABINET
DEPARTMENT OF JUVENILE JUSTICE
1025 Capital Center Drive, 3RD Floor
Frankfort, KY 40601-8205
Serve:    Office of the Commissioner
           J. Ronald Haws

And

CAMPBELL COUNTY REGIONAL JUSTICE
DEPARTMENT OF CORRECTIONS
590 Columbia Street
Newport, KY 41071
Serve:    Supervisor

DEFENDANTS

---

### COMPLAINT AND JURY DEMAND

---

    Now comes the Plaintiff, John Wardia, by and through counsel, and for his Complaint against Defendant, Justice and Public Safety Cabinet, Department of Juvenile Justice of the Commonwealth of Kentucky, states as follows:

    1.    Plaintiff was formerly employed by Defendant at its location in the Campbell Regional JDC in Newport, Campbell County, Kentucky,

1

and was, at all relevant times, a resident and citizen of the Commonwealth of Kentucky.

2. Defendant, Justice and Public Safety Cabinet, Department of Juvenile Justice of the Commonwealth of Kentucky, is a division of the Commonwealth of Kentucky state government and is subject to the requirements and provisions of the Kentucky Civil Rights Act, KRS 344, *et seq.*, *Dept. of Corrections v. Furr*, KY, 23 SW3d 615 (2000).

## JURISDICTION AND VENUE

3. Plaintiff brings this suit under the Americans With Disabilities Act (ADA) 42 U.S.C. § 12101 *et seq.*, and Kentucky's anti-discrimination statutes KRS 344.010 *et seq.*, specifically, but not limited to, KRS 344.040.

4. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission "EEOC", alleging disability discrimination in employment. Plaintiff received a decision dated September 22, 2010, on behalf of the Commission, determining that he was "denied reasonable accommodations in violation of the Americans with Disability Act." A copy of that determination is attached as Exhibit A and incorporated herein by reference.

5. Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, Cincinnati Area Office, by letter dated December 16, 2010. A copy of that letter is attached as Exhibit B and incorporated herein by reference.

6. This Court has original jurisdiction to hear all claims asserted herein.

7. Venue in this Court is proper because the claims arose in this County and much of the evidence and witnesses are located in Campbell County.

8. Plaintiff, John Wardia, began his employment with Defendant, Department of Juvenile Justice of Kentucky, at the Campbell County Detention Center, as a Youth Worker II in 2003, a position he held through 2009. A copy of the Job Description posted by the Kentucky Personnel Cabinet for this position is attached hereto as Exhibit C.

9. In February, 2008, Plaintiff underwent a double discectomy surgery at the C6-C7 and C7-T1 levels, for which he was off work 3 months. Upon his return to duty, he was not permitted by his physician to perform physical restraints.

10. However, the Defendant provided a reasonable accommodation to the Plaintiff by allowing him to perform his job duties as a Youth Worker II in a control room where he would no longer have to perform physical restraints.

11. The Plaintiff worked as a Youth Worker II in the control room from June 2007 through February 2008 (prior to surgery) and from May 2008 through August 20, 2009, when the Defendant terminated him.

12. Although the Defendant was able to accommodate the Plaintiff by allowing him to work in a control room as a Youth Worker II without the need to restrain juveniles, he was terminated for his inability to return to the job duty of restraining juveniles. (See Exhibit D attached hereto, Letter of Justice and Public Safety Cabinet, Department of Juvenile Justice, dated October 19, 2010.)

13. Throughout the time he was employed by the Department of Juvenile Justice, even after his discectomy surgery referenced above, Plaintiff was capable of performing all essential job functions of employment. The Defendant was, at all relevant times, fully capable of providing the Plaintiff with reasonable accommodations such that he would not have to perform physical restraints of juveniles.

14. Despite the fact that Plaintiff was ready, willing, and able to perform the job duties with Defendant, Defendant placed him on involuntary leave of absence and terminated him as referenced in Exhibit D attached hereto.

15. Plaintiff has been denied work with Defendant since such time and, as a direct result, he has lost earnings and job benefits and further has incurred emotional distress and mental anxiety.

## COUNT I

### (Americans with Disabilities Act)

16. Plaintiff incorporates as if fully set forth Paragraphs 1 through 15 of this Complaint.

17. Plaintiff has an impairment that substantially limits one or more of his major life activities, a history or record of such impairment, or is regarded as having such an impairment, all within the meaning of 42 U.S.C. §12102 (2).

18. Defendant discriminated against Plaintiff by treating him differently than similarly situated, non-disabled employees because of Plaintiff's disabilities, or because Defendant regarded Plaintiff as disabled.

19. Defendant discriminated against Plaintiff by imposing a job requirement, i.e., physical restraint of juveniles, which job requirement was not necessary to the performance of his job duties, and by denying Plaintiff a further reasonable accommodation as it had done in the past, i.e., allowing him to continue the performance of his existing job as a Youth Worker II in the control room.

20. Defendant discriminated against Plaintiff by replacing him with a non-disabled employee because of Plaintiff's disability or because Defendant regarded Plaintiff as disabled.

21. Defendant discriminated against Plaintiff without legitimate reason or rationale.

22. Defendant's conduct violated the ADA.

23. Defendant's willful and malicious conduct was in reckless disregard of Plaintiff's rights and caused and will continue to cause Plaintiff to suffer damages, including emotional distress, for which he is

entitled to recover lost wages, compensatory and punitive damages, interest, reasonable costs, and attorney's fees.

## COUNT II

### KRS 344 - Disability Discrimination

24. Plaintiff incorporates herein, as if fully set out, Paragraphs 1 through 23 of this Complaint.

25. Plaintiff has an impairment which substantially limits one or more of his major life activities, a record of such an impairment, or is regarded as having such an impairment, within the meaning of KRS 344.010, *et seq.*

26. Defendants discriminated against Plaintiff by treating him differently than similarly situated, non-disabled employees because of Plaintiff's disabilities or because Defendant regarded Plaintiff as disabled.

27. Defendant discriminated against Plaintiff by replacing him with a non-disabled employee because of Plaintiff's disability or because Defendant regarded Plaintiff as disabled.

28. Defendant discriminated against Plaintiff without legitimate reason or rationale.

29. Defendant discriminated against Plaintiff by refusing to allow him a reasonable accommodation relative to his disability and consistent with his disability.

30. Defendant's conduct violates Kentucky law as found in KRS 344.010, *et seq.*

31. Defendant's willful and malicious conduct was in reckless disregard of Plaintiff's rights and caused and will continue to cause Plaintiff to suffer damages, including emotional distress, for which he is entitled to recover lost wages, compensatory and punitive damages, interest, reasonable costs, and attorney's fees.

### COUNT III

### WRONGFUL DISCHARGE

32. Plaintiff incorporates herein, as if fully set out, Paragraphs 1 through 31 of this complaint.

33. There are clear public policies expressed in both Kentucky and Federal law that employees should not be the subjected to discrimination because of a disability.

34. Discriminating against an employee on the basis of disability jeopardizes that public policy.

35. Defendant's conduct as described violated the clear public policy.

36. Defendant lacked an overriding legitimate business justification for its actions.

37. Defendant's above-described conduct constitutes a breach of public policy and are willful, wanton and malicious in nature.

38. Defendant's willful and malicious conduct was in reckless disregard of Plaintiff's rights and caused and will continue to cause Plaintiff to suffer damages, including emotional distress, for which he is

entitled to recover lost wages, compensatory and punitive damages, interest, reasonable costs, and attorney's fees.

WHEREFORE, Plaintiff, John Wardia, respectfully prays for judgment in his favor and against Defendant as follows:

    a.    Lost wages and other employment benefits, past and in the future;

    b.    Compensatory damages in an amount to be determined by a Jury;

    c.    Equitable relief as may be appropriate, including injunctive relief, enjoining Defendant from discriminating against Plaintiff and other employees on account of their disabilities;

    d.    Reinstatement to his former position with a reasonable accommodation;

    e.    Punitive damages in an amount to be determined by a Jury;

    f.    Reasonable attorney's fees, expert witness fees, interest, and other costs for this action;

    g.    All other relief in law or equity to which Plaintiff may be entitled; and,

    h.    Trial by jury on all issues of fact, including damages.

Respectfully submitted,

/s/ Jeffrey Blankenship (#05795)
Monohan & Blankenship
7711 Ewing Boulevard, Suite 100
Florence, KY 41042
859-283-1140
859-283-5155 (Fax)
jeff@kyattys.com

Randy J. Blankenship (#81924)
Blankenship, Massey & Steelman
504 Erlanger Road
Erlanger, KY 41018
859-426-9000
859-426-9001 (Fax)
rblankenship@nkylawyers.com

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

/s/ Jeffrey Blankenship

\at_winword\blankenship\employment\wardia,john 11-001\complaint 2-18-11